IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CV-59-BO

| | |
|---|---|
| EUGENIA TAYLOR-PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>SHEILA R. TYLER, Clerk of Superior Court, Currituck County, North Carolina,<br>Defendant. | O R D E R |

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (DE # 7), Plaintiff's Motion to Strike (DE # 10), and Plaintiff's "Motion for Dismissal of Employee and Assistant Title Reinstated." (DE # 11).

Defendant's Motion is GRANTED. Plaintiff's Motion to Strike is DENIED. Plaintiff's Motion for Dismissal is DENIED as moot.

## DISCUSSION

The *pro se* Plaintiff alleges that Defendant harassed her and fired her for discriminatory reasons from her job in the Office of the Currituck County Clerk of Superior Court. Plaintiff's claims are dismissed without prejudice for insufficiency of service of process and lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2), 12(b)(5).

Defendant is the Clerk of the Currituck County Superior Court. Clerks of Superior Courts are judicial officers of the Superior Court Division of North Carolina's General Court of Justice. N.C. Const. art. IV, §§ 2, 9; N.C. Gen. Stat. §§ 7A-4, 7A-40. Accordingly, Rule 4(j) of the Federal Rules of Civil Procedure governs service. Rule 4(j) requires that,

> [a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: be served by either:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

In turn, North Carolina law provides that service may be made upon an officer of the State by delivery of process to that officer's designated agent or, absent designation of an agent, delivery of process to the Attorney General of North Carolina. N.C. Gen. Stat. § 1A-1, 4(j)(4).

Here, Plaintiff attempted to serve Defendant by having the summons and a copy of the complaint mailed directly to Defendant's office address. Plaintiff did not attempt service through any designated agent or the North Carolina Attorney General. Plaintiff has also failed to show good cause for this failure. [1]

Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss, vaguely claiming she did not fail to properly served Defendant because "[t]he Sheriff Department knew exactly where [the Defendant] lives." (DE # 10). This argument does not address Plaintiff's insufficient service, and provides no basis for striking Defendant's Motion.

As Plaintiff failed to properly serve the Defendant, the Court lacks jurisdiction over this case. The Court thus dismisses this matter without prejudice for insufficiency of service of process and lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2), 12(b)(5). Additionally, Plaintiff's Motion to Strike is denied.

As the Court has no jurisdiction over this case, Plaintiff's "Motion for Dismissal of Employee and Assistant Title Reinstated" is denied as moot. (DE # 11).

---

[1] It is worth noting that while Plaintiff is *pro se*, she alleges twenty-six years of employment in the Office of the Clerk of Court. Unlike other *pro se* plaintiffs, she is not a stranger to litigation and the importance of proper service.

## CONCLUSION

Defendant's Motion is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice.

Plaintiff's Motion to Strike is DENIED. Plaintiff's "Motion for Dismissal of Employee and Assistant Title Reinstated" is DENIED as moot.

SO ORDERED, this ⟶2⟵ day of May 2011.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE